UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BROUSSARD KNOLL LAW FIRM, ET AL.**        CIVIL ACTION

**VERSUS**                                                           NO. 25-1689

**TROY A. BRENES, ET AL.**                            SECTION: "P" (4)

## ORDER AND REASONS

This matter is before the Court on the basis of two motions: (1) Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(7) or, in the Alternative, Motion to Transfer Venue to the Central District of California (R. Doc. 8); and (2) Plaintiffs' Motion to Remand (R. Doc. 11). Having reviewed the subject motions, the parties' respective briefing, the applicable law, and the record in this case, the Court concludes, for the reasons set forth below, that Defendants have failed to show that federal jurisdiction exists over this action. Accordingly, Plaintiffs' Motion to Remand (R. Doc. 11) is **GRANTED**.

**I.   BACKGROUND**

Plaintiffs, Broussard Knoll Law Firm and Arthur S. Patron, Jr., originally filed this action in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.[1] Plaintiffs allege they are each owed a contingency fee pursuant to an Attorney/Client Contract between Plaintiffs and their client, Iris Guzman, and that Defendants have either negligently or intentionally failed to pay Plaintiffs the amount they are owed under the contract.[2]

On August 15, 2025, Defendants removed this action to federal court pursuant to 28 U.S.C. §§ 1332 and 1441.[3] In their Notice of Removal, Defendants allege the action is removable because

---

[1] R. Doc. 1-1 at 2.
[2] *See* R. Doc. 1-1 at 2–7.
[3] R. Doc. 1.

there is complete diversity of citizenship among the parties and because Plaintiffs seek damages in excess of the jurisdictional limit of $75,000.[4]

On August 22, 2025, Defendants moved for the dismissal of Plaintiffs' action against them for lack of personal jurisdiction pursuant to Rule 12(b)(2), improper venue pursuant to Rule 12(b)(3), and failure to join a required party pursuant to Rule 12(b)(7).[5] In the alternative to dismissal, Defendants requested that the action be transferred to the Central District of California (Southern Division) pursuant to 28 U.S.C. § 1406.[6] Plaintiffs oppose Defendants' motion.[7] And, separately, on September 4, 2025, Plaintiffs moved to remand this action to state court on the basis that Defendants have failed to show that the amount in controversy exceeds the jurisdictional threshold amount.[8] Defendants oppose Plaintiffs' motion.[9]

## II.   LAW AND ANALYSIS

"Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter" before addressing objections to personal jurisdiction.[10] Keeping with this custom, the Court first considers Plaintiffs' Motion to Remand.

"Under 28 U.S.C. § 1441(a), any state court civil action over which the federal courts would have original jurisdiction may be removed from state to federal court."[11] "The removing party bears the burden of showing that federal jurisdiction exists."[12] Because removal raises

---

[4] *Id.*
[5] R. Doc. 8.
[6] *Id.*
[7] R. Doc. 10.
[8] R. Doc. 11.
[9] R. Doc. 13.
[10] *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999).
[11] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).
[12] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

significant federalism concerns, courts must strictly construe the removal statute, and any doubts regarding whether removal jurisdiction is proper must be resolved in favor of remand.[13]

In their Notice of Removal, Defendants invoke 28 U.S.C. § 1332(a), which provides federal district courts with original jurisdiction over civil actions where the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and where there is complete diversity of citizenship between the parties.[14] Here, Plaintiffs admit there is complete diversity of citizenship between the parties. The only issue before the Court is whether the amount in controversy exceeds $75,000.

Where, as here, the petition does not include a specific monetary demand, the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.[15] This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount.[16]

Defendants argue they have set out facts in the Notice of Removal showing that the dispute between the parties arises from attorney's fees stemming from the settlement of Iris Guzman's product liability claim and that the Confidential Final Release and Final Claim Valuation, which were filed under seal in support of their Notice of Removal, establish that attorneys' fees at issue exceed $75,000.[17]

Plaintiffs take issue with the fact that the Confidential Final Release and Final Claim Valuation were filed under seal, believing this renders the amount of the attorney fee and settlement unverifiable and thus justifying remand.[18] Plaintiffs separately argue that even if, as Defendants

---

[13] *Gasch*, 491 F.3d at 281–82.
[14] R. Doc. 1.
[15] *Manguno*, 276 F.3d at 723.
[16] *Id.*
[17] R. Doc. 13.
[18] R. Doc. 11 at 3; R. Doc. 11-1 at 4.

allege, the *total* amount of attorneys' fees is greater than $75,000, this is still insufficient to establish the jurisdictional amount in this case because the question is how much of the total fee is due to Plaintiffs. Indeed, in their Petition, Plaintiffs have alleged that under the contract between Plaintiffs and Guzman regarding the representation of Guzman in her products liability lawsuit, Guzman agreed to a 40% contingency fee as compensation for her attorneys' services and that, by addendum to the contract, Guzman agreed that the 40% fee would be split as follows: 35% to Aaron Broussard; 15% to Arthur S. Patron, Jr.; 15% to Allen Breslin; and 35% to The Hollis Law Firm.[19] Thus, Plaintiffs argue, Defendants cannot carry their burden by relying on the total amount of attorneys' fees in Guzman's case.[20] Instead, they must demonstrate that it is plausible for Plaintiffs' individual claims to exceed $75,000.[21]

In response, Defendants assert that filing the Confidential Final Release and Final Claim Valuation under seal for the Court's consideration is permissible and constitutes competent proof supporting its allegation that the amount in controversy exceeds the jurisdictional threshold amount.[22] Defendants also argue this case is an exception to the general rule that the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement, because, here, according to Defendants, Plaintiffs are enforcing a single right, arising from the same legal source.[23]

Upon review of the documents filed under seal, the Court finds that regardless of whether Plaintiffs' claims are considered individually or in the aggregate, the amount in controversy does not exceed $75,000. While it is true that the *total* attorneys' fee amount is greater than $75,000,

---

[19] R. Doc. 1-1 at 2–13.
[20] R. Doc. 11-1 at 3–5.
[21] *Id.*
[22] R. Doc. 13 at 4–5.
[23] *Id.* at 5–7.

4

this case only involves the portion of the fee allegedly due to Broussard (35%) and Patron (15%), which, based on the Court's calculations, neither individually nor combined exceeds $75,000. Additionally, although Plaintiffs allege in their Petition that they are also entitled to reimbursement of the expenses they incurred in Guzman's case,[24] the Court has no information before it upon which it could find, by a preponderance of the evidence, that the expenses for which Plaintiffs seek to be reimbursed, combined with the attorneys' fees sought, bring this case within the jurisdictional threshold requirement. Accordingly, Defendants have failed to carry their burden to show that federal subject matter jurisdiction exists over this action, and remand is required.[25]

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (R. Doc. 11) is **GRANTED**, and this action shall be **REMANDED** to the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

New Orleans, Louisiana, this 22nd day of December 2025.

                **DARREL JAMES PAPILLION**
                **UNITED STATES DISTRICT JUDGE**

---

[24] R. Doc. 1-1 at 3.
[25] Because the Court lacks subject matter jurisdiction over this action, it declines to consider the issues raised in Defendants' Motion to Dismiss.